IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONALD MONTOYA,
    Plaintiff,

v.                                       No. 2:14-CV-01009-LH-CG

PROGRESS RAIL SERVICES
CORPORATION,
    Defendant.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE PLAINTIFF'S MOTION TO COMPEL AND GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND ADEQUATELY TO DISCOVERY**

**THIS MATTER** came before the Court on *Plaintiff's Motion for Leave to File Plaintiff's Motion to Compel* ("Motion for Leave"), filed June 10, 2015, (Doc. 35); Plaintiff's Motion to Compel ("First Motion to Compel"), filed May 8, 2015, (Doc. 30)[1]; *Defendant's Opposition to Plaintiff's Motion to Compel* ("Response"), filed May 26, 2015, (Doc. 31); *Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Compel* ("Reply"), filed June 10, 2015, (Doc. 33); and *Plaintiff's Motion to Compel Defendant to Respond Adequately to Discovery* ("Second Motion to Compel"), filed June 10, 2015. (Doc. 35-1). The Court has reviewed the pleadings and the relevant law, and considered the arguments of counsel at a hearing held on June 23, 2015. (Doc. 37).

Plaintiff requests leave to file his Motion to Compel outside of the deadline imposed by D.N.M.LR-Civ. 26.6, arguing that he has shown good cause for being permitted to do so. Defendant contends that the Second Motion to Compel is untimely

---

[1] Plaintiff's Counsel explained at the motions hearing that he wished to proceed on the Second Motion to Compel, and not on the First Motion to Compel, because several of the issues raised in the First Motion had been resolved. (Doc. 37). The Court will therefore deny the First Motion to Compel as moot.

because Plaintiff failed to file his motion within 21 days after Defendant first objected to the requests that are the subject of the Second Motion to Compel, and because Plaintiff did not meet and confer as required by Fed. R. Civ. P. 37(a)(1). Plaintiff responds that he was trying to informally resolve the discovery disputes between the parties and that the 21-day deadline imposed by Local Rule 26.6 should be waived for good cause.

Indeed, the record shows that Plaintiff attempted to meet and confer with Defendant regarding several of his discovery requests. (Doc. 30, Ex. E). Defendant points out, however, that Plaintiff's attempts to meet and confer made no mention of several items that Plaintiff now seeks to compel the production of. (Doc. 31 at 2). A review of Plaintiff's conferral letter demonstrates that Plaintiff only conferred with Defendant as to emails in Defendant's possession which relate to Plaintiff, and his supervisor's performance reviews. Defendant maintains that the Court should deny Plaintiff leave to seek production of the documents that Plaintiff did not attempt to meet and confer with it about.

"Where a party fails to respond to a formal discovery request, the party seeking disclosure must then confer or attempt to confer with the responding party in good faith to attempt to obtain the discovery." *Simon v. Taylor*, 2014 WL 6633917, *26, *30 (D.N.M. Nov. 18, 2014) (citing Fed.R.Civ.P. 37(a)(1), (4)). "If this good-faith effort to resolve the problem without court intervention fails, the requesting party may then move to compel the discovery." *See id*. The Court finds that Plaintiff failed to confer with Defendant in good faith regarding all items requested in the Second Motion to Compel, and will only grant Plaintiff's Motion for Leave insofar as Plaintiff has demonstrated he attempted to meet and confer with Defendant regarding the specific discovery requests.

Therefore, the only requests for production that the Court shall consider pursuant to the Second Motion to Compel are requests numbered 11, 12, and 13, which cover electronically-stored information of all e-mail communications by Defendant's employees and supervisors relating to Plaintiff. The Court finds that Plaintiff has demonstrated that production of this material is relevant and reasonably calculated to lead to the discovery of admissible evidence, and that he has set forth a particularized need or claim of relevancy for the material. Defendant shall produce the documents in their electronic form to Plaintiff on or before **July 8, 2015**.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Leave to File Plaintiff's Motion to Compel*, (Doc. 35) be **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that *Plaintiff's Motion to Compel Defendant to Respond Adequately to Discovery*, (Doc. 35-1), be **GRANTED IN PART**.

**IT IS ALSO ORDERED** that Plaintiff's Motion to Compel, (Doc. 30), be **DENIED AS MOOT**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE